IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| PAVEL Y. DEMYANOVSKIY and ) | |
| LYUBOV N. DEMYANOVSKIY, ) | |
| ) | CASE NO. BK08-41552-TLS |
| Debtor(s). ) | A09-4012-TLS |
| RICK D. LANGE, Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | CH. 7 |
| ) | |
| vs. ) | |
| ) | |
| PAVEL Y. DEMYANOVSKIY and ) | |
| LYUBOV N. DEMYANOVSKIY, ) | |
| ) | |
| Defendants. ) | |

ORDER

  This matter is before the court on the plaintiff's motion for summary judgment (Fil. #23). No resistance was filed. Gene T. Oglesby represents the debtors, and Brian S. Kruse represents the plaintiff. Evidence and a brief were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

  The Chapter 7 bankruptcy trustee filed this adversary proceeding against the debtors and two other defendants to recover the value of assets that the debtors transferred to the other defendants prepetition. The other defendants were subsequently dismissed from the case at the trustee's request. The trustee contends that the debtors' failure to disclose the proceeds of the sale as an asset of the bankruptcy estate, and their use of the funds for their own purposes, constitutes conversion. The trustee now moves for summary judgment in full or in part, so that he may obtain either a money judgment for the amount of the alleged conversion or findings with regard to whether each aspect of the sale transaction constitutes conversion.

  Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); *Aviation Charter, Inc. v. Aviation Research Group/US*, 416 F.3d 864, 868 (8th Cir. 2005); *Ferris, Baker Watts, Inc. v. Stephenson (In re MJK Clearing, Inc.)*, 371 F.3d 397, 401 (8th Cir. 2004).

  To withstand a motion for summary judgment, the non-moving party "has an affirmative burden to designate specific facts creating a triable controversy." *Crossley v. Georgia-Pac. Corp.*, 355 F.3d 1112, 1113 (8th Cir. 2004) (internal citations omitted). Failure to oppose a basis for

summary judgment constitutes a waiver of that argument. *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 734-35 (8th Cir. 2009). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The following facts are not in dispute:

1. Rick D. Lange is the duly appointed and qualified Chapter 7 bankruptcy trustee for the above-captioned bankruptcy case of Pavel Y. Demyanovskiy and Lyubov N. Demyanovskiy, which was filed on July 10, 2008.

2. This court has jurisdiction over this adversary proceeding. This court has the authority to grant the relief requested herein. This is a core proceeding governed by Federal Rule of Bankruptcy Procedure 7001, *et. seq.* Venue in this court is proper pursuant to 11 U.S.C. § 1409(a).

3. The debtors listed assets that they described as "Grocery/business machinery equipment and supplies [and] Business inventory" (hereafter "the Assets") on their bankruptcy schedules.

4. The debtors reached an agreement with Vladimir Gulchuk and Nadezhda Gulchuk on July 1, 2008, to sell the debtor's grocery business to the Gulchuks for $25,000.

5. The Gulchuks made a $3,000 down payment in cash on July 1, 2008.

6. The Gulchuks met with Mrs. Demyanovskiy at her attorney's office on July 8, 2008, to close the sale. At that time, they paid Mrs. Demyanovskiy $5,000 in cash and wrote a check for the $17,000 remainder of the purchase price.

7. The bill of sale for the Assets contains a purchase price of $20,000.

8. Neither the sale of the Assets nor the receipt of the proceeds was reported on the debtors' statement of financial affairs or bankruptcy schedules.

9. On October 21, 2008, the trustee claimed the Assets for administration and distribution (Fil. #44 in Case No. BK08-41552-TLS).

10. The debtors transferred the Assets without first obtaining approval from the bankruptcy court.

11. The debtors assert that they used most of the money to pay prepetition creditors and the firm that brokered the sale of the business. However, the debtors did not submit any evidence.

12. The debtors admit that they should have turned over at least a portion of the proceeds to the trustee.

All legal or equitable interests of the debtors in property as of the commencement of the bankruptcy case constitute property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). The trustee is obligated to collect and reduce to money all property of the bankruptcy estate. § 704(a)(1). An entity in possession, custody, or control of property that the trustee may use, sell, or lease shall deliver to the trustee, and account for, such property or the value of such property. § 542(a).

The sale of the Assets occurred prepetition, so the Assets were not property of the bankruptcy estate and the sale was not subject to court approval. However, the sale proceeds in the debtors' possession on the petition date were property of the bankruptcy estate and subject to administration by the trustee. When the debtors failed to turn over the funds to the trustee, they committed conversion.

"Tortious conversion is any distinct act of dominion wrongfully asserted over another's property in denial of or inconsistent with that person's rights." *Ochs v. Makousky*, 547 N.W.2d 136, 139 (Neb. 1996). The plaintiff must establish a right to immediate possession of the property at the time of the alleged conversion. *Zimmerman v. FirsTier Bank, N.A.*, 585 N.W.2d 445, 451 (Neb. 1998). Pursuant to the provisions of the Bankruptcy Code, the Chapter 7 trustee had a right to immediate possession of the property upon his appointment in the case.

The debtors have not responded to the trustee's motion and therefore have not put any facts in dispute. Accordingly, judgment will be entered in the trustee's favor. The evidence before the court accounts for the $17,000 check, which was presented to the debtors' bank on July 15, 2008, five days after they filed their bankruptcy petition. The $8,000 balance of the sales price was received in cash prior to the petition date. Three thousand dollars was received ten days prior to bankruptcy filing and $5,000 was received two days prior to filing. While it is possible some of those funds may have been dissipated by the time of the bankruptcy filing, Debtors have failed to respond to the trustee's motion or otherwise put forth any evidence. Therefore, since there is no evidence to the contrary, I must find that the funds were still in their possession on the filing date and became property of the estate.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. #23) is granted. Separate judgment will be entered.

DATED:    November 23, 2009.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
Gene T. Oglesby    *Brian S. Kruse
U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.